FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 2 4 2006 ★

P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

MARINA LOPEZ SANTIAGO,

        Plaintiff,

- against -

CARMELA MELUZIO a.k.a. CARMELA
PINELLO and NICK MELUZIO,

        Defendants.

----------------------------------------------------------X

DECISION AND ORDER

1:05-CV-00009-ENV-AKT

VITALIANO, D.J.

        Defendants Carmela Meluzio Pinello and Nick Meluzio move this Court to enjoin plaintiff Marina Lopez Santiago, her attorneys, and any organization with which plaintiff is affiliated from conducting protest activity at any business owned by or related to defendants. Magistrate Judge James Orenstein rejected the relief sought by defendants in a Report and Recommendation issued on December 14, 2005. The Court has reviewed the Report and Recommendation de novo, pursuant to 28 U.S.C. § 636 (b) (1). For the reasons stated below, the Report and Recommendation is adopted by the Court, and defendants' request for injunctive relief is denied. The Court also denies defendants' application, made while the Magistrate Judge's Report and Recommendation was under review, for a further hearing.

1

## Procedural History

Plaintiff brought a complaint against defendants alleging, inter alia, violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and New York Labor Law §§ 652 (1), 190 et seq., for failure to pay minimum wage and overtime and for breach of contract on January 3, 2005.[1] The matter was referred to arbitration, which proved unsuccessful, and defendants answered on July 7, 2005. District Judge Sandra Feuerstein referred the matter to Magistrate Judge James Orenstein for discovery on July 18, 2005. On November 22, 2005, defendants moved by letter addressed to the Magistrate Judge to enjoin plaintiff, her attorneys, and any organizations affiliated with her from conducting protest activities at any business owned by or otherwise related to defendants. Plaintiff opposed the application by letter filed November 28, 2005.

By order dated November 30, 2005, Magistrate Judge Orenstein deemed defendants' request "to be a motion for a report and recommendation urging the assigned district judge to order such relief" and held the motion in abeyance for one week to allow plaintiff's counsel to contact the protesters and establish whether they would voluntarily discontinue the protest activities. By letter filed December 7, 2005, plaintiff's counsel informed the court that the protesters were "unsure" whether they would continue their activities. In light of this equivocal response, Magistrate Judge Orenstein conducted an evidentiary hearing and heard oral argument on December 13, 2005. The Report and Recommendation followed on December 14, 2005. Defendants filed timely objections to the Report and Recommendation pursuant to 28 U.S.C. §

---

[1] The complaint was amended by so-ordered stipulation to reflect the correct names of the parties on February 7, 2006.

2

636 (b) (1) on December 21, 2005. The matter was reassigned to District Judge Eric N. Vitaliano on March 27, 2006, and to Magistrate Judge A. Kathleen Tomlinson on March 30, 2006.

Defendants' counsel submitted letters to Magistrate Judge Tomlinson on May 10, 2006 and June 2, 2006 complaining of alleged further protest activity on March 9, 2006 and May 27, 2006, respectively. At the conference held on June 22, 2006 before Magistrate Judge Tomlinson, the defendants sought a hearing to present new evidence in support of their motion for injunctive relief. Magistrate Judge Tomlinson directed that such an application was to be made to this Court. In a letter dated July 25, 2006, defendants' counsel complained of further protests on July 15, 2006 and requested a hearing before this Court on the alleged continued protest activity. Plaintiff opposed the request by letter dated July 28, 2006, arguing that additional protest activity did not change the underlying fact that plaintiff had no involvement in the protests.

The Court will address the Report and Recommendation of Magistrate Judge James Orenstein first and defendants' request for a further hearing second.

## Magistrate Judge's Report and Recommendation and Objections

After reviewing the moving and opposition papers and holding an evidentiary hearing followed by oral argument, Magistrate Judge Orenstein found that the defendants had shown that an organization called Domestic Workers United ("DWU") had conducted demonstrations at a business owned by defendant Pinello, Carmela Fast Scissors, and, on a separate occasion, at a business owned by defendant Pinello's boyfriend and where she worked, Da Martino Ristorante Italiano, and that those demonstrations were potentially harmful to defendants and the non-party

businesses. Defendants rely upon fliers distributed during the course of these DWU demonstrations that identify plaintiff by name. The fliers were marked as exhibits at the hearing in addition to being attached to the motion papers.

Defendant Pinello and plaintiff through an interpreter testified at the evidentiary hearing. Magistrate Judge Orenstein found the testimony of both witnesses credible and that their testimony was not inconsistent. Defendant Pinello testified that plaintiff was not present at either of the protests, but that the protesters invoked plaintiff's name. Plaintiff testified that she sought the assistance of DWU while the alleged acts that gave rise to the underlying action were occurring. In seeking DWU's help, she told them her story and identified defendants and the businesses where the protests subsequently took place. Plaintiff further testified that she was a member of DWU, attended DWU meetings, but did not pay dues. Of relevance to defendants' motion for injunctive relief, plaintiff testified that she had no knowledge of or involvement in the planning or execution of the protests. Magistrate Judge Orenstein found that defendants failed to meet their burden of showing that plaintiff was responsible for or participated in any way in the protests. Significantly, DWU is not a party to this action.

Finally, Magistrate Judge Orenstein found that due to the limited duration and localized nature of the protests, they were unlikely to impair the selection of a fair and impartial jury should this matter be tried. Magistrate Judge Orenstein concluded by noting that defendants could pursue injunctive relief directly against DWU in other forums, if they so chose.

## Discussion

A.  <u>The Standard of Review</u>

Title 28 U.S.C. § 636 (b) (1) provides for "a <u>de</u> <u>novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made." In so doing, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b) (1). See also Fed. R. Civ. Pro. 72 (b). A <u>de</u> <u>novo</u> determination does not, however, require a <u>de</u> <u>novo</u> hearing. See <u>U.S. v. Raddatz</u>, 447 U.S. 667, 674 (1980). See also <u>Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc.</u>, 973 F.2d 1033, 1045 (2d Cir. 1992) (holding that district court could reject magistrate's finding of good faith without receiving additional evidence). A "'[d]e <u>novo</u> determination' in this context has been interpreted to require a review of the magistrate's proposed findings and an exercise of sound judicial discretion with respect to whether reliance should be placed on those findings; the reviewing court is not obligated to rehear the testimony adduced at the hearing." <u>American Express Int'l Banking Corp. v. Sabet</u>, 512 F.Supp. 472, 473 (S.D.N.Y. 1981) (citing <u>Raddatz</u>), <u>aff'd</u> 697 F.2d 287 (2d Cir. 1982), <u>cert. denied</u> 459 U.S. 858 (1982). The district court may not rely exclusively on the report and recommendation of the magistrate, but must conduct a <u>de</u> <u>novo</u> review of the evidence itself and "arrive at its own, independent conclusion about those portions of the magistrate's report to which objection is made." <u>Hernandez v. Estelle</u>, 711 F.2d 619, 620 (5th Cir. 1983). The final determination rests with the district judge. See <u>Raddatz</u>, 447 U.S. at 676, 680-81.

To that end, a district judge "may also receive further evidence" beyond that presented to

the magistrate judge. See 28 U.S.C. § 636 (b) (1) (C). Whether or not to receive additional evidence is within the discretion of the district judge. See Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998), cert. denied, 525 U.S. 907 (1998); Morris v. Amalgamated Lithographers of America, 994 F.Supp. 161, 163 (S.D.N.Y. 1998) ("[T]he statute is permissive, not mandatory."). Several considerations, however, weigh against the submission of further evidence as a general rule after a Report and Recommendation has been rendered including, but not limited to, discouraging the piecemeal presentation of evidence, duplicative pleadings, and the careless preparation of the initial pleadings. See Hynes, 143 F.3d at 656; U.S. Fidelity & Guaranty Co. v. J. United Electrical Contracting Corp., 62 F.Supp.2d 915, 917-18 (E.D.N.Y. 1999); Morris, 994 F.Supp. at 163.

B.  Defendants' Objections

Defendants do not object to Magistrate Judge Orenstein's legal conclusions, but to his factual finding that plaintiff was not involved in the protests. Asserting that the plaintiff's testimony at the evidentiary hearing was "incredible," defendants contend that "[a]lthough plaintiff was not present at the protests, it is more than evident that she took part in the planning of these protests as she provided DWU with the addresses of the businesses." Defendants extrapolate from plaintiff's membership in DWU that she must have known DWU would organize protests if she provided them with the names and locations of the businesses. Finally, defendants claim that if the Court does not grant injunctive relief, the jury pool has been and will continue to be tainted, thereby impairing defendants' right to a fair and impartial jury.

The Court reviewed the moving and opposition papers, the record, the transcript of the

December 13, 2005 evidentiary hearing and oral argument, and Magistrate Judge Orenstein's Report and Recommendation. The testimony presented at the evidentiary hearing before Magistrate Judge Orenstein disclosed no essential disagreement between the parties as to plaintiff's involvement in the protest activities. Indeed, the testimony of the parties was largely in accord–all agree that plaintiff was not present at the protests. Taking defendant Pinello's testimony at face value, she cannot establish that plaintiff had any involvement in the protests. Defendant Pinello testified that DWU conducted protests, distributed fliers, and obstructed the ingress and egress to her business and that of her boyfriend on two separate occasions. She was clear that plaintiff was not present on either occasion. Plaintiff testified that she sought the assistance of DWU, and that DWU did indeed help her to find legal representation. In seeking this assistance, plaintiff testified that she told DWU of her circumstances including the identity of one of her employers, defendant Pinello, and the name of defendant Pinello's boyfriend's restaurant, although not its location. Plaintiff shared this information before the underlying lawsuit was brought. It was DWU who referred plaintiff to her current counsel, Main Street Legal Services, a City University of New York School of Law clinical program.

Plaintiff did join DWU and, by her testimony, has participated in recruiting drives with the organization and had some knowledge of their protest activities in general. Plaintiff testified that she had never participated in any protests and had never distributed fliers at any businesses. With regard to these specific protests, plaintiff testified that she had no involvement and learned of the first protest only after it had occurred. Plaintiff did testify that she knew members of DWU were planning to go to the Da Martino restaurant, but she did not know for what purpose

7

and did not inquire further.

Defendants presented no other evidence than the testimony of defendant Pinello. Although defense counsel referred to a letter sent to DWU before the hearing, defendants did not call as a witness any DWU official or present any evidence concerning the decision-making process at DWU that led to the protest activity defendants seek to enjoin. Absent some indication that plaintiff had any role in the protests aside from her membership in DWU, this Court has no basis for granting defendants' request for injunctive relief against her or anyone else.

## Request for a Further Hearing

Defendants seek a further hearing before this Court to present what they contend is new evidence in support of their motion for injunctive relief. A review of the letter request from counsel for defendants, however, reveals that defendants make no showing that they have new evidence. Indeed, it confirms that they continue to have no evidence on the fundamental question before the Court, that is evidence that would show plaintiff's involvement in the protests. Defendants' submissions simply establish that they have evidence of additional protests. Defendants assert no new evidence implicating plaintiff in any of these protests. In the absence of even the suggestion of such new evidence, this Court sees no reason to conduct a further hearing.

## Conclusion

The Court having reviewed de novo the moving and opposition papers, the record, the

transcript of the December 13, 2005 evidentiary hearing, including oral argument, Magistrate Judge Orenstein's Report and Recommendation, and the request for a further hearing, determines, for the reasons stated above, that defendants' request for a further hearing is denied, the Report and Recommendation of Magistrate judge Orenstein is adopted, and defendants motion for injunctive relief is denied.

SO ORDERED

DATED: Brooklyn, New York
August 23, 2006

_____
ERIC N. VITALIANO
U.S.D.J.