**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
MARINA LOPEZ,

        Plaintiff,

   - against -

CARMELLA MELUZIO a/k/a CARMELA
PINELLO, NICK MELUZIO,

        Defendants.
-----------------------------------------------------------X

**ORDER**

CV 05-0009 (ENV) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I. Background**

 **A. Procedural History**

In accordance with Local Civil Rule 37.3(c), Plaintiff's counsel filed a letter motion seeking to compel the attendance of four non-parties served with subpoenas DE [51]. According to Plaintiff's motion, despite proper service of the subpoenas, non-parties Martino Pisani, Janine Meluzio, Vincent Pinello and Violet Pinello did not appear for their depositions or produce any requested documents. Defendants' counsel filed his response DE [52], which stated that he did not represent the non-parties and therefore, could not oppose Plaintiff's motion to compel, but did object to producing non-party Vincent Pinello because of his handicap. In support of his position, Defendants' counsel included a copy of a February 11, 2002 Order bearing Index number 24284/01 and signed by Justice Charles Thomas of the New York State Supreme Court for the County of Queens (the "Incapacitation Order") holding Vincent Pinello incapacitated under New York Mental Health & Hygiene Law § 81.02(b) and appointing the Defendant Carmela Meluzio a/k/a Carmela Pinello ("Defendant Carmela Meluzio") as Mr. Pinello's

guardian for the "personal needs and/or property management of Vinny Pinello." Defendants' counsel argued that the Incapacitation Order made the Defendant Carmela Meluzio the sole arbiter of Vincent Pinello's medical records, social life and lawful liabilities. Therefore, Defendants' argued, Vincent Pinello could not ably testify or even fully comprehend the questions posed to him at a deposition. The Defendants further argued that Vincent Pinello's examination would be unduly burdensome and irrelevant to the Plaintiff's claims.

In response, Plaintiff supplemented her motion to compel by filing a copy of the transcript of Vincent Pinello's testimony taken at his Article 81 hearing on December 11, 2001. DE [53]. Plaintiff's counsel argued the transcript shows that despite Vincent Pinello's handicap, he is nonetheless competent and capable of testifying. Defendants filed their response DE [54] which sought to distinguish the nature of the guardianship proceeding from the rigors of a deposition. Further, Defendants' counsel asserted that in the incapacitation proceeding, the court never made a finding whether Vincent Pinello understood the nature of the oath, nor did the court even put Vincent Pinello under oath. Rather, Defendants note, the court simply relied on the representations of Vincent Pinello's attorney that his client understood the oath.

The Case Management and Scheduling Order directed that all discovery was to be completed by April 14, 2006. By letter motion filed April 7, 2006 DE [55], Plaintiff's counsel moved to extend discovery to enable Plaintiffs to depose the remaining four non-party witnesses, an item which had been the subject of their March 6, 2006 motion to compel. On April 13, 2006, Plaintiff filed a third motion to compel DE [57] with respect to various camp and school records of Vincent Pinello sought by Plaintiff's counsel in the initial September 2005 Interrogatories.

With the exception of the specific motion to compel the testimony of Vincent Pinello, these issues were resolved by prior Order of the Court DE [59].

### B. Facts

The Complaint, filed January 3, 2005 DE [1], alleges that for a period of three years, Plaintiff was employed by Defendants primarily as caretaker for Vincent Pinello, then a teenager. The allegations contained in the Complaint, if true, describe arduous and seemingly less than humane working conditions. Plaintiff alleges she was paid a weekly wage of $250 for working six 18-hours days a week, which her counsel asserts amounts to approximately $1.98 per hour over the course of her employment, in violation of state and federal statutory and common law. The Complaint asserts twelve causes of action for, *inter alia*, violations of the New York State and federal minimum wage laws, breach of contract, unjust enrichment, negligent misrepresentation, fraudulent inducement and conversion.

## II. Standard of Review

Federal Rule of Civil Procedure 45(c)(2)(B) provides that upon failure to properly comply with a subpoena, the party serving the subpoena "may, upon notice to the person commanded to produce, move at any time for an order to compel production." FED. R. CIV. P. 45(c)(2)(B). A motion to compel is "entrusted to the sound discretion of the district court." *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000), *cert denied,* 531 U.S. 1015 (2000). The Second Circuit noted that "rulings with regard to discovery are reversed only upon a clear showing of an abuse of discretion." *DG Creditor Corp. v. Dabah*, (*In re DG Acquisition Corp.*), 151 F.3d 75, 79 (2d Cir. 1998) (citing *Cruden v. Bank of N.Y.*, 957 F.2d 961, 972 (2d Cir. 1992)). An abuse of discretion is considered to have occurred if a court "bases its ruling on a mistaken application of

the law or a clearly erroneous finding of fact." *Milanese v. Rust-Oleum Corp.,* 244 F.3d 104, 110 (2d Cir. 2001). Where, as here, "discovery is sought from a non-party, the Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on the non-party." *Fears v. Wilhelmenia Model Agency, Inc.,* No. 02-CV-4911, 2004 WL 719185, at *1 (S.D.N.Y. April 1, 2004). *See also Concord Boat Corp. v. Brunswick Corp.,* 169 F.R.D. 44, 49 (S.D.N.Y. 1996).

### III. Discussion

It is undisputed that the parties disagree as to the amount of hours worked by Plaintiff – facts both necessary and essential to establishing or refuting her claims. Plaintiff's counsel believes that by deposing Vincent Pinello – the minor for whom Plaintiff was hired to perform caretaker services – a clearer understanding of the number of hours worked by Plaintiff will be gleaned. At oral argument and in their submissions to the Court, Defendants argued that because of his handicap and the existence of the Incapacitation Order, Vincent Pinello cannot testify. Therefore, any information elicited from Vincent Pinello will bear the imprimatur of unreliability, particularly since, as counsel argues, it is unknown whether Vincent Pinello even understands the nature of an oath. Defendants further contend that due to Vincent Pinello's emotional fragility, it is also unknown whether he can withstand the physical and mental rigors of a deposition. The central issues, then, are (1) whether Vincent Pinello is competent to be deposed, and (2) whether he should be compelled to do so under Federal Rule of Civil Procedure 37.

Federal Rule of Evidence 601 states that

> every person is competent to be a witness except as otherwise provided in these rules. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision the competency of a witness shall be determined in accordance with State law.

FED. R. EVID. 601. The Federal Rules of Evidence provide each witness with an initial presumption of competency. *See United States v. Blankenship*, 923 F.2d 1110, 1117 (5th Cir. 1991); *United States v. Khoury*, 901 F.2d 948, 966 (5th Cir. 1990); *United States v. Bloome*, 773 F. Supp. 545, 546 (E.D.N.Y. 1991). Indeed, the only parties deemed "incompetent" to testify under the Federal Rules of Evidence are judges and jurors. *See* FED. R. EVID. 605; FED. R. EVID. 606. Generally, the competence of a witness depends upon "a capacity to observe, to remember, to communicate and to understand the nature of an oath and the duty it imposes to tell the truth." *Bloome*, 773 F. Supp. at 546.

Vincent Pinello was deemed incapacitated under New York Mental Hygiene Law § 81.02(b) and a guardian was appointed for his "personal needs and/or property management." A copy of the Incapacitation Order appears in the docket DE [52]. In the language of the statute itself, the legislature notes that Article 81 of New York's Mental Hygiene Law is the "least restrictive form of intervention" for people with incapacities which "assists them in meeting their needs" while also permitting "them to exercise the independence and self-determination of which they are capable." N.Y. MENTAL HYG. LAW § 81.01 (McKinney 2005). Indeed, the language of the Incapacitation Order demonstrates that Defendant Carmela Meluzio was appointed in a limited capacity to administer Vincent Pinello's personal and financial needs. After reviewing the transcript of the Article 81 hearing DE [53], I find various segments of the testimony to be

5

helpful in determining whether a deposition of Vincent Pinello should go forward. For example, when the presiding judge asked Daniel Minc, Esq., Vincent Pinello's attorney, whether his client "understands the oath," TR. at 6, l, 24,[1] Mr. Minc responded "Yes." *Id.* The direct examination of Vincent Pinello by his attorney during that proceeding is also indicative of his understanding of the proceedings and his wishes with respect to his financial affairs:

> Q. Vinny, do you understand that your mother is asking the judge to make her guardian of your financial affairs?
>
> A. Not really. I feel that I can do my financial needs on the computer.
>
> Q. Okay. You can do your financial needs on the computer. Has your mother been helping you for your whole life.
>
> A. Yeah.
>
> \* \* \*
>
> Q. Okay. Do you feel your mother – if someone had to help you take care of yourself and your money and your home, would you choose your mother or someone else?
>
> A. I would choose my mother and you.

TR. at 7, 11, 13-24; TR. at 8, 11, 8-11. In addition, Mr. Pinello also expressed sadness at the recent passing of his father. TR. at 8, 11, 3-7.

Court Evaluator, Melvin Salberg, Esq., also testified during the hearing as follows:

> THE COURT: Briefly summarize it for me and give me your conclusions.
>
> THE WITNESS: I will start with the conclusion, your Honor. There is no doubt in my mind that the petitioner's request ought to be granted, as the mother and apparently the most important figure in the AIP's life.

---

[1] All designations "TR." followed by a page number refer to specific excerpts from the December 11, 2001 Article 81 hearing concerning Vincent Pinello.

> It is interesting in my meeting with Miss Pinello that when I met the AIP, Vinny, that he had the good sense to, when I asked him whether he wanted to have his own attorney and after describing my role in representing the Court, he said I have a lawyer and I want to call him now. In fact, he had the good sense not to just accept my representation it was al right for him to answer my questions. He did call his attorney, who assured him it was perfectly all right. . . .

TR. at 9, 11, 3-19. The foregoing testimony demonstrates that Vincent Pinello is able to testify intelligently on certain matters.

Individuals afflicted with cerebral palsy have been permitted to testify on a wide range of matters by courts in various states, including New York.. *See e.g., People v. Augustin*, 5 Cal. Rptr. 3d 171 (Cal. Ct. App. 2003); *People v. Miller*, 530 N.Y.S.2d 490 (City Ct. Rochester Cty. 1988); *Commonwealth v. Speicher*, 393 A.2d 904 (Pa. Super. Ct. 1977); *Commonwealth v. Tavares*, 555 A.2d 199 (Pa. Super. Ct. 1989); *Iness v. State of Texas*, 606 S.W.2d 306 (Tex. Crim. App. 1980). From the information discussed at oral argument, it is evident that Plaintiff's testimony differs markedly from Defendant Carmela Meluzio's deposition testimony since the respective statements reflect a twenty-hour discrepancy in the amount of hours worked by the Plaintiff on a weekly basis. Vincent Pinello is a material witness with firsthand knowledge of this issue who may be able corroborate or refute certain facts and allegations raised in this matter.

In *United States v. Benn*, Chief Judge Bazelon, in discussing issues relating to a witness' ability to testify in differing circumstances, wrote that

> mental retardation may be so severe, capabilities so impaired, and the testimony so potentially prejudicial that it should be barred completely by the judge. Or there may be sufficient indications of a witness' capacity and of the reliability of her testimony that it should be heard and assessed by the jury, albeit with a cautionary instruction.

*United States v. Benn,* 476 F.2d 1127, 1130 (D.C. Cir. 1972) (citing *District of Columbia v. Armes*, 107 U.S. 519, 521 (1970)). The competency of a witness to testify before a jury therefore is "a threshold question of law which lies exclusively in the trial court's discretion." *United States v. Gerry*, 515 F.25, 130, 137 (2d Cir. 1975). As such, Vincent Pinello should not be excused from testifying at this early stage of the litigation simply based on the fact that he has cerebral palsy and has been appointed a guardian for certain specific needs.

The burden of proving a witness's incompetence lies with the objecting party. Here, Defendants have not met that burden. Although Vincent Pinello's ability to communicate may be slower than that of the average person, this appears to be the result of his physical impairment based upon his having cerebral palsy, and not the result of any inability to understand questions and to frame answers. The deposition of Vincent Pinello, therefore, will go forward. This decision is without prejudice to Defendants' right to raise any bona-fide legal arguments concerning the admissibility of such evidence at the time of trial and to Plaintiff's right to oppose such application.

Since the Court is mindful of the fact that cerebral palsy is a disease with varying degrees of severity, I will permit the parties to ascertain what examination conditions are most comfortable for Mr. Pinello. Therefore, its is hereby:

**ORDERED**, that Vincent Pinello is directed to comply with the subpoena served upon him to testify at a deposition in this matter; and it is further

**ORDERED**, that Plaintiff is directed to complete the deposition of Vincent Pinello within thirty (30) days of the date of this Order; and it is further

**ORDERED**, that in accordance with Federal Rule of Civil Procedure 30(d)(2), the duration of Mr. Pinello's deposition shall be modified so as not to exceed three hours in one day (or less if needed and agreed upon by the parties), unless the witness wishes to proceed beyond that limitation; and it is further

**ORDERED**, that the parties are directed to confer in good faith to determine a location for the deposition of Vincent Pinello which best serves his comfort and convenience. If the parties cannot agree on this issue, they are to contact the Court immediately to obtain a final resolution; and it is further

**ORDERED**, that the parties are directed to telephone my chambers forthwith regarding any issues or problems which may arise concerning the deposition of Vincent Pinello.

          **SO ORDERED.**

Dated: Central Islip, New York
       December 29, 2006

          /s/ A. Kathleen Tomlinson
          A. KATHLEEN TOMLINSON
          U.S. Magistrate Judge