# MAIN STREET LEGAL SERVICES, INC.

*The City University of New York*
CUNY SCHOOL OF LAW

**BATTERED WOMEN'S RIGHTS CLINIC**
Maria Arias
Donna H. Lee

**CLINIC SOCIAL WORK SUPERVISOR**
Martha Garcia

**COMMUNITY & ECONOMIC DEVELOPMENT**
Carmen Huertas

**DEFENDER CLINIC**
Steven M. Zeidman

**ECONOMIC JUSTICE PROJECT**
Wendy Bach
Stephen Loffredo

**CLINIC DIRECTOR**
Sameer Ashar

65-21 MAIN STREET
FLUSHING, NEW YORK 11367

EMAIL: msls@mail.law.cuny.edu

TEL: (718) 340-4300
FAX: (718) 340-4478

**ELDER LAW CLINIC**
Wendy Bach
Joseph Rosenberg

**IMMIGRANT & REFUGEE RIGHTS CLINIC**
Sameer Ashar
Alizabeth Newman
Liliana Yanez

**INTERNATIONAL WOMEN'S HUMAN RIGHTS CLINIC**
Rhonda Copelon
Andrew Fields
Jennie Green

**MEDIATION CLINIC**
Beryl Blaustone
Cheryl Howard

**Clinic Administrator**
Dorothy Matthew

<u>VIA ELECTRONIC FILING</u>

January 11, 2009

Hon. Kiyo A. Matsumoto
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

**Re:    Lopez v. Meluzio et al., 05 CV 0009 KAM AKT**

Dear Judge Matsumoto:

We represent Plaintiff in this action. Defendants note their opposition to student practice at trial in a January 9, 2008 letter to the Court. We respectfully submit that student practice is appropriate in this case and that there is no prejudice to Defendants.

First, as a baseline matter, we are prepared to follow the Plan for Student Practice in Civil Actions in the Southern District of New York referenced by defense counsel, including certifying the students' familiarity and willingness to comply with the Code of Professional Responsibility and the Federal Rules of Civil Procedure and Evidence and conveying the consent of our client for such representation at trial.[1]

Second, Defendants' allegations concerning "jury confusion," "prejudice to the

---

[1] It is worth noting that the SDNY student practice plan requires consent of the party represented by students but not the opposing party. *See* U.S. District Court Southern District of New York, *Law Student Intern Appearance Form* (12/99). The student-represented party is to be made aware of any potential prejudice and then authorize such representation in court. While preserving the discretion of the court, the SDNY Plan does not contemplate or recognize potential for prejudice against opposing parties.

defendant," and "potential for error resulting in reversal" are not supported by any facts or incidents in this case record nor by any citations to case law.[2] Students have litigated this case since its inception with no prior objection by Defendants.[3] At the December 16, 2008 oral argument, student practitioners were well-informed as to applicable legal precedent, responsible and measured in stating conclusions of law and fact, and responsive to the inquiries and directions of the Court. We are fully aware that the presence of the jury at trial will require appropriate restraint and good sense and trust that the Court will provide necessary guidance to both parties.[4] Indeed, licensed members have the same potential to commit errors that prejudice their own clients and other parties and it is incumbent on all of the attorneys to abide by applicable rules and the directions of the Court. Student practitioners have complied with the rules and directions of the Court through the duration of this action and it is baseless to allege any change at trial.

Respectfully Submitted,

__/s/Sameer Ashar____
Sameer Ashar, Esq.
Hye Won (Daisy) Chung, Legal Intern
Michael Scimone, Legal Intern
Mia Unger, Legal Intern

---

[2] Indeed, contrary to defense counsel's assumptions alluded to at the December 16, 2008 oral argument regarding the potential award of attorneys' fees in this action, multiple courts in the Second Circuit have allowed pro bono student practice and awarded attorneys' fees for such representation. *See, e.g., Moon v. Gab Kwon*, 2002 WL 31512816 (S.D.N.Y.), 8 Wage & Hour Cas.2d (BNA) 461 (2002).

[3] Defendants' opposition to student practice on the eve of trial and well after making their jury demand is consistent with their withholding of defenses until just before trial so as to prejudice Plaintiff.

[4] It should also be noted that parties are represented by "teams" of attorneys in federal court as a matter of course without any "jury confusion."