```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X

MARINA LOPEZ SANTIAGO,

                Plaintiff,
                                        ORDER
        -against-                       05-CV-009 (KAM)


CARMELA PINELLO, A.K.A. CARMELA
MELUZIO, and NICK MELUZIO,

                Defendants.

--------------------------------X
```

KIYO A. MATSUMOTO, United States District Judge:

## I. Request for Certification of an Interlocutory Appeal

On January 14, 2009, the court denied on the record defendant's motion to amend her answer to include as a defense the companionship exemption, 29 U.S.C. § 213(a)(15), to the Fair Labor Standards Act. On January 15, 2009, the court entered a Minute Order memorializing the ruling, to which was attached a written opinion more fully explaining the reasons for denying the defendant's motion. (Doc. 150.)

Now before the court is defendant's application for a certificate to file an interlocutory appeal of the denial of her second motion to amend her answer pursuant to 28 U.S.C. § 1292(b), filed on January 15, 2009. (Doc. 153 ("Def. Application").) Plaintiff filed her opposition on January 16, 2009. (Doc. 154.) For the reasons stated below, defendant's motion for certification of an interlocutory appeal is denied.

In her application for an interlocutory appeal, defendant contends that "there was significant basis for granting [defendant's second motion to amend her answer] to include the companionship services defense, in particular, the lack of any prejudice demonstrated by plaintiff," and that denying leave to amend the answer to include the defense "violates the previously established law of the case," as embodied in the court's Minute Order of December 17, 2008 ("the 12/17/08 Minute Order"). (Def. Application at 2).

### A.  *Procedural History*

In the 12/17/08 Minute Order regarding oral arguments on December 16, 2008 on the parties' cross-motions for summary judgment and defendant's first motion to amend her answer, the court granted defendant's first motion to amend the answer, to include a statute of limitations defense.  The court also denied both defendant's motion for summary judgment on the companionship exemption, and plaintiff's cross-motion for summary judgment on the issue of equitable tolling of the statute of limitations.

On the issue of equitable tolling, plaintiff had asserted in her cross-motion for summary judgment that plaintiff was unaware of her right to bring her FLSA claim within the statutory time as a direct result of defendant's failure to post a notice of rights.  (Doc. 110, "Pl.'s Cross-Motion" at 13.) Plaintiff had also asserted in her opposition to defendant's cross-motion for summary judgment that defendant had waived the

2

companionship exemption by failing to plead it as an affirmative defense in the answer, and that leave to amend the answer to include the defense should be denied because of undue delay by defendant and prejudice to plaintiff. (Pl.'s Cross-Motion at 15-19.)

At oral argument of the parties' cross-motions on December 16, 2009, defendant argued that plaintiff had received notice during the litigation that defendant would assert the companionship exemption as an affirmative defense. Plaintiff denied that there was any such notice in the answer or elsewhere in the record. The court granted defendant's request for leave to make a second motion to amend the answer to include the companionship exemption as an affirmative defense, this providing defendant an opportunity to demonstrate where in the record defendant notified plaintiff that she was asserting the companionship exemption as a defense. Courts have found that formal pleading of a defense by one of two different defendants, or providing notice of a defense on the record at a deposition, is sufficient to dispel potential prejudice to the plaintiff and to allow a late amendment of the answer to formally plead a defense. *See United States ex rel. Maritime Administration v. Continental Illinois National Bank and Trust*, 889 F.2d 1248, 1254-55 (2d Cir. 1989); *Schwind v. EW & Associates*, 357 F. Supp. 2d 691, 697-99 (S.D.N.Y. 2005).

The court's 12/17/08 Minute Order denied plaintiff's

cross-motion for summary judgment on equitable tolling because the issue could not be resolved without determining the applicability of the companionship exemption. This is because employers are required, under 29 C.F.R. § 516.4, to post a notice informing "any employees subject to the Act's minimum wage provisions" of their FLSA rights. Because a companionship services worker is exempt from the minimum wage requirements of the Act under 29 U.S.C. § 213(a)(15), no notice need be posted for a companionship services employee, and such employee would therefore not be entitled to equitable tolling due to the failure of the employer to post a notice of FLSA rights. However, an employer is not entitled to the exemption for an employee whose general household duties "exceed 20 percent of the total weekly hours worked." 29 C.F.R. § 552.6. The applicability of the companionship exemption could not be decided as presented in the parties' cross-motions for summary judgment, given defendant's request to make a second motion to amend the answer, and also given that the record did not indicate whether more than 20 percent of plaintiff's work consisted of general household duties.

  The court, upon reviewing defendant's second motion to amend her answer to include the companionship defense, found no indication in the answer or in the record that plaintiff received notice of the intended defense. The court thus denied defendant's second motion to amend the answer. This application

for an interlocutory appeal followed.

### B. Discussion of 28 U.S.C. § 1292(b)

A district court may certify an interlocutory appeal under three conditions: (1) where the order appealed from "involves a controlling question of law" (2) "as to which there is substantial ground for difference of opinion" and (3) where "an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b).

The Second Circuit has "urge[d] the district courts to exercise great care in making a § 1292(b) certification," *Westwood Pharmaceuticals, Inc. v. National Fuel Gas Dist. Corp.*, 964 F.2d 85, 88-89 (2d Cir. 1992), because § 1292(b) is a "rare exception to the final judgment rule that generally prohibits piecemeal appeals," *Koehler v. The Bank of Bermuda, Ltd.*, 101 F.3d 863, 865-66 (2d Cir. 1996).

The first prong of § 1292(b) requires that the question presented on appeal be a "pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *In re Worldcom, Inc.*, No. M-47 HB, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003) (*citing Ahrenholz v. Univ. of Illinois*, 219 F.3d 674, 676-77 (7th Cir. 2000)). The question presented on appeal must also be "controlling." § 1292(b). A question is controlling when "reversal of the district court's order would terminate the action," *Klinghoffer*

*v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990), or, "at a minimum," where "determination of the issue on appeal would materially affect the litigation's outcome." *Consub Delaware LLC v. Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007) (citations omitted).

Here, defendant's appeal does not present a pure question of controlling law, but would instead require the Circuit Court to study the record extensively. The Circuit Court would have to review the record to determine whether adequate information was elicited in discovery regarding the allocation of plaintiff's hours between general domestic duties and companionship duties. The Circuit Court would have to do so in order to determine whether this court erred in finding that plaintiff would suffer prejudice if defendant were allowed to amend her answer, since that finding rested, in part, on the lack of any notice to plaintiff in the record regarding the companionship defense. Moreover, reversal of this court's order denying the amendment of the answer would not terminate the action but, rather, prolong it because the plaintiff would then have to be given the opportunity to take discovery relevant to the companionship exemption. For these reasons, grant of a certificate of appeal would be contrary to the first requirement of § 1292(b).

The second prong of § 1292(b), that there be "substantial ground for difference of opinion" on the issue,

requires a "genuine doubt as to whether the district court applied the correct legal standard in its order." *Consub Delaware*, 476 F. Supp. 2d at 309 (citations omitted). This may mean that there is "conflicting authority on the issue" or that "the issue is particularly difficult and is one of first impression for the Second Circuit." *In re Lloyd's American Trust Fund Litigation*, No. 96 Civ. 1262, 1997 WL 458739, at 4-5 (S.D.N.Y. Aug. 12, 1997). Generally, "rulings on the sufficiency of pleadings are not appropriate for interlocutory review." *Id.* (*citing Gottesman v. General Motors Corp.*, 268 F.2d 194, 196 (2d Cir. 1959)).

As an initial matter, the court notes that defendant did not articulate any "substantial ground for difference of opinion," the application of an incorrect legal standard, or cite any conflicting authority. Defendant did not cite any case law in support of her argument that the court erred when it denied a second amendment of the answer to plead the companionship exemption because plaintiff would suffer prejudice. (*See generally,* Doc. 153.) Instead, defendant asserts that the court should certify an interlocutory appeal because the 12/17/08 Minute Order, in denying plaintiff summary judgment on equitable tolling, indicated that the companionship exemption was an issue for trial and, in doing so, established the law of the case. Defendant misapprehends the 12/17/08 Minute Order. The denial of defendant's motion for summary judgment upon a finding that there

were issues of fact regarding the applicability of the companionship defense did not prejudge whether defendant's requested motion to amend the answer to add a companionship defense should be granted.

Even assuming *arguendo* that the 12/17/08 Minute Order is inconsistent with the denial of defendant's second motion to amend the answer (which, as explained above, is not the case), that inconsistency would not establish, for purposes of § 1292(b), that the denial of defendant's second motion to amend misapplied the standard for granting an amendment, or that the question of whether to grant the amendment was difficult to decide or bore on conflicting authorities.  Defendant cites no case law to demonstrate that the question of prejudice to plaintiff was "difficult," one of first impression, or made in the face of conflicting authority, under the second prong of § 1292(b).

The third prong of § 1292(b) requires that "immediate appeal from the order may materially advance the ultimate termination of the litigation[.]"  Care in certifying an interlocutory appeal is especially important in cases where it is not clear that the appellate court's "disposition of [the] issues will materially advance the ultimate determination of [the] case."  *Westwood Pharmaceuticals*, 964 F.2d at 88-89.  Thus, § 1292(b) "is reserved for those cases where an intermediate appeal may avoid protracted litigation."  *Koehler*, 101 F.3d at

865-66 (2d Cir. 1996) (*citing Milbert v. Bison Labs.*, 260 F.2d 431, 433-35 (3d Cir. 1958)). Courts "place particular emphasis on the importance on [the] last factor" of § 1292(b), *Consub Delaware LLC*, 476 F. Supp. 2d at 310.

Here, trial was scheduled to begin three business days after the issuance of the order that defendant seeks to appeal. Granting an interlocutory appeal in this context would not serve in any way to shorten the litigation. Under § 1292(b), the court would have discretion as to whether to stay proceedings pending an interlocutory appeal. If the trial was not stayed, however, the interlocutory appeal would not likely be decided until after the conclusion of the trial. On the other hand, staying the trial and certifying an interlocutory appeal would only serve to dramatically *lengthen* the litigation, ensuring that a case initially filed four years ago would be unlikely to reach resolution for several more months, at a minimum.

For the above stated reasons, the court declines to certify an interlocutory appeal of its January 14, 2009 order denying defendant's second motion to amend the answer. The parties shall therefore appear on January 20, 2009 at 9:00 AM for jury selection, with trial to commence thereafter.

## II.  **Request to Reconsider Student Practice Ruling**

By letter dated December 23, 2008 (doc. 127), plaintiff's counsel, Sameer Ashar, Esq., Clinic Director of the

City University of New York School of Law (CUNY Law), requested formal permission for third year students Hye Won (Daisy) Chung, Michael Scimone and Mia Unger (CUNY Law students) to fully represent plaintiff Lopez at the trial of this action on January 20, 2009, including but not limited to opening statements and closing arguments, direct and cross examination of witnesses, voir dire and arguments on evidentiary and other legal issues. Mr. Ashar represented that plaintiff consented to be represented by the students and that the students would satisfy the standards set forth in the student practice rule of the United States District Court for the Southern District of New York ("SDNY Student Practice Rule"). Mr. Ashar further indicated that each student would have defined roles and that he would be with the students "at every step for the duration of the trial."

Because defendant did not respond, on December 31, 2008, the court ordered defendant to set forth her position by January 9, 2009 regarding student representation of plaintiff at trial. By letter dated January 9, 2009 (doc. 134), defendant stated her opposition to the CUNY Law students representing the plaintiff at the jury trial on the ground that such representation was "likely to create jury confusion and prejudice to the defendant." Defendant did "not challenge the students' ability to provide competent counsel to plaintiff," but asserted that "allowing students to fill a role reserved for members of the federal bar significantly increases the potential for error

resulting in reversal." Defendant further asserted that "the more prudent approach is to require licensed counsel selected by the plaintiff to represent her at trial."

Plaintiff's counsel responded by letter dated January 11, 2009 (doc. no. 135), asserting that student practice is appropriate and that defendant would not be prejudiced. Plaintiff's counsel represented that the CUNY Law students were prepared to follow the SDNY Student Practice Rule, which requires the consent of the party but not the opposing party, and asserted that the defendant's concerns of jury confusion, prejudice to defendant and potential for reversible error were not supported by the record or by case law. Plaintiff's counsel noted that plaintiff has been represented by CUNY Law students throughout the litigation that they have complied with all court orders, demonstrated good judgment and that they have been fully prepared and well informed regarding applicable legal precedent.

At a pretrial conference on January 14, 2009, the court noted its own observations that the CUNY Law students have demonstrated outstanding preparation and advocacy, and its concern that the "formal request" that the CUNY Law students participate fully in the trial was not made until nearly a month before trial. The court further noted that although defendant would not be prejudiced by the conduct of the full trial by CUNY Law students, the court, in an excess of caution, was inclined to limit their participation at trial to voir dire, opening

statements and closing arguments, provided that they comply with the SDNY Student Practice Rule.

On January 15, 2009, plaintiff sought reconsideration of the court's ruling that the CUNY Law students not conduct direct or cross examinations of witnesses, and submitted student certifications for each of the CUNY Law students that comply with the SDNY Student Practice Rule (doc. 151). In her request for reconsideration, plaintiff set forth in greater detail the involvement of students throughout the litigation of the case, and the presence of their names on all submissions and their participation at court conferences and depositions, thus disputing defendant's claim of "surprise" at their request. Plaintiff asserts that if the trial proceeded without the student practitioners conducting the direct and cross examinations, she will be "significantly prejudiced" because the CUNY Law students have conducted practice direct examinations with witnesses and have extensively reviewed and prepared cross examinations of defendant's witnesses. Plaintiff's counsel states that the students know the intricacies of each witnesses' testimony and that, based on his supervision of them, they will "provide extremely competent representation" of plaintiff, who "prefers that the students conduct the trial in its entirety."

The court agrees that the record reflects that throughout this litigation, the CUNY Law students have provided exemplary representation of the plaintiff in discovery, motion

practice and in pretrial matters.  Although the court has no reason to doubt that the outstanding legal representation by the CUNY Law students would continue if they were to conduct all phases of the trial, the court's ruling limited the participation of the CUNY Law students at trial to voir dire, opening statements and closing arguments, phases of the trial that provide more control and less risk of error in the performance of trial related skills than direct and cross examination.  Although the prospect that CUNY Law students could commit reversible error may be no less likely than a licensed attorney, the court is concerned about the hardship to both parties if this case must be tried a second time.

In a request for reconsideration pursuant to Local Civil Rule 6.3, a party must submit, within ten days after the docketing of the court's determination, a notice of motion and a memorandum setting forth concisely the matters or controlling decisions that counsel believes the court has overlooked. Plaintiff's request for reconsideration is timely and the court waives the requirement that a memorandum of law be submitted, given that the trial of this matter is scheduled on January 20, 2009, and that the request to permit the CUNY Law students to conduct the full trial was not made by formal motion.  The court thus examines whether plaintiff's January 15 letter identifies any matters or controlling decisions that the court has overlooked in making its initial ruling on the matter and finds

that plaintiff has not met this burden.  Plaintiff has not advanced any argument that was not made or could not have been made in her submissions prior to the court's decision.  Nor does plaintiff identify any controlling decision that she believes the court has overlooked.

The court notes that the Supreme Court has long recognized that law students provide an important source of legal representation throughout the United States.  Over thirty five years ago, in a concurring opinion, Justice Brennan noted that the majority of states authorize students to practice law under prescribed conditions and lauded the significant qualitative and quantitative contributions that law students make to the representation of the poor.  *Argersinger v. Hamlin*, 407 U.S. 25, 44 (1972); *see also Jones v. Barnes*, 463 U.S. 745 (1983).  Many of this country's law schools have established clinical programs in which faculty closely supervise students in representing clients in civil and criminal cases, thus providing legal representation to individuals who would otherwise confront financial, language or other difficult barriers to representation.

The court supports the efforts of law schools like CUNY to provide representation to clients and practice opportunities to law students. Nonetheless, the court finds no reason, on reconsideration, to change its prior ruling that the CUNY Law Students may conduct voir dire, opening statements and closing arguments but not the direct and cross examination of witnesses.

**SO ORDERED**

Dated:   Brooklyn, New York
         January 16, 2009

                                          /s/
                                  **KIYO A. MATSUMOTO**
                                  United States District Judge
                                  Eastern District of New York